## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IMANI HATCHER, *et al.*,

        *Plaintiffs*,                        Case No. 18-cv-11986-PDB

v.                                             Hon. Paul D. Borman

COUNTY OF GENESEE, *et al.*,

        *Defendants*.

_____/

| | |
|---|---|
| EXCOLO LAW, PLLC | Law Offices of Conrad J. Benedetto |
| Solomon M. Radner (P73653) | Conrad J. Benedetto, Esq. |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |
| 26700 Lahser Road, Suite 401 | 1615 S. Broad Street |
| Southfield, Michigan 48033 | Philadelphia, PA 19148 |
| (866) 939-2656 | (215) 389-1900 |
| sradner@excololaw.com | cjbenedetto@benedettolaw.com |
| | |
| Marc J. Bern & Partners, LLP | Gault Davison, PC |
| Marc J. Bern, Esq. | Michael W. Edmunds (P55748) |
| Ryan Sharp, Esq | *Attorney for Defendants* |
| *Attorneys for Plaintiffs* | 8455 S. Saginaw St., Suite 2 |
| 60 E 42nd St, Suite 950 | Grand Blanc, MI 48439 |
| New York, NY 10165 | (810) 234-3633 |
| (800) 529-5432 | medmunds@edmundslawoffice.com |
| rsharp@bernllp.com | |

_____/

## JOINT DISCOVERY PLAN

      NOW COME the parties, by and through their respective attorneys, and submit the following Joint Discovery Plan, pursuant to Fed. R. Civ. P. 26(f).

Appearing for the parties as counsel will be:

**Solomon M. Radner** for all Plaintiffs, Imani Hatcher, *et al*.

**Michael W. Edmunds** for all Defendants.

A. <u>**Summary of the Case and Issues**</u>

<u>**Plaintiff's Summary:**</u>

This case arises from the poisoning of Plaintiffs, inmates of the Genesee County Jail, with lead from the City of Flint's plumbing pipes and services lines, after Defendants participated in switching the City of Flint's drinking water supply to the Flint River, without the use of any corrosion control. Plaintiffs were at all relevant times inmates of the Genesee County Jail in the City of Flint and connected to Flint's water system. Plaintiffs were exposed to extremely high levels of lead due to the deliberate actions of the Defendants, having bathed in and consumed lead contaminated water.

In 2014, Defendants discovered that dangerous levels of lead were leaching into Flint's drinking water. Defendants failed to take any measures to eliminate this danger, as required by federal law, and took affirmative steps to downplay the severity of the contamination from its citizens. In doing so, Defendants evidenced a deliberate indifference to Plaintiffs' devastating and irreversible health problems. Plaintiffs seek recovery from Defendants for injuries, damages, and losses suffered by Plaintiffs as a result of their exposure to lead and other toxic substances from

2

Defendants' ownership, use, management, supervision, storage, maintenance, disposal, and/or release of highly corrosive water from the Flint River into the drinking water of the Genesee County Jail.

As a result of Defendants' deliberate actions, Plaintiffs have suffered injuries including various health problems (including, without limitation: hair, skin, digestive and other organ problems), physical pain and suffering, mental anguish, fright and shock, disability, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, medical expenses, wage loss, brain and/or developmental injuries including (without limitation) cognitive deficits, lost earning capacity, aggravation of pre-existing conditions, and contract damages. Said injuries resulted from the policies and/or practices of Genesee County. Defendant Genesee County provided the individually named Defendants, Sheriff Robert Pickell and Captain Jason Gould, acting for the county under color of law, with the authority to cause Plaintiffs' injuries and to deprive Plaintiffs of their constitutional rights.

### Defendants' Summary:

This case arises out of the problems the City of Flint has been experiencing with its water supply for the last couple of years. Plaintiffs are 92 current and previous inmates of the Genesee County Jail, which is located in the City of Flint. Plaintiffs allege that they were exposed to lead in their drinking water while they

were incarcerated at the jail.  Defendants contend that Plaintiffs were never exposed to any lead through the jail's drinking water, because (1) the water service line to the jail is not made of lead, (2) all of the water in the jail was tested, and none of the drinking water stations tested positive for lead, and (3) the Sheriff provided bottled water as soon as he became aware of the publicity surrounding the water supply, while he waited for the water to be tested.

Discovery will focus mainly on two factual elements: whether there was lead in the water in the jail, and whether Plaintiffs can show any consequences (damages) from drinking the water.

Legally, the claim is postured as an Eighth Amendment cruel and unusual punishment case.  There is also a claim for conspiracy.  The Defendants include the County, the Sheriff (Pickell), and the Jail Administration (Jason Gould).

### B. <u>Subject Matter Jurisdiction</u>

Jurisdiction is uncontested. Jurisdiction is based on federal question jurisdiction as contemplated by 28 U.S.C. § 1331, which extends jurisdiction of all civil actions arising under the "constitution, laws and treaties of the United States" to federal courts. The federal law at issue in this instance is 42 U.S.C. § 1983, as alleged in Plaintiff's Complaint.

## C. <u>Proposed Rule 26(f) Discovery Plan</u>

i.   <u>Initial Disclosures</u>

The parties do not request any changes to the form or requirement for Rule 26(a) disclosures.  The parties suggest that initial disclosures be made within two weeks of the date of issuance of a scheduling order in this matter.

ii.   <u>Discovery</u>

The parties suggest phased discovery in this case, due to the number of parties and the nature of the claims.  Specifically, the parties propose that discovery initially focus on whether there was lead in the jail's drinking water, because if there was not, that will be dispositive.  At the end of that discovery, if discovery reveals any lead in the drinking water, the parties will commence discovery on damages.

iii.   <u>Electronic Discovery</u>

The parties agree to preserve all electronically stored information and produce it in its native form, or PDF for documents, JPEG for photos, and either MPEG or WMV for video.

iv.   <u>Privilege</u>

The parties do not anticipate any disputes over privilege, but have agreed on the following procedure:

If a party believes that evidence is subject to a privilege it will assert the privilege and identify the documents with sufficient specificity to allow opposing counsel to determine whether the privilege was properly asserted. If opposing counsel does not agree that the privilege was properly asserted then the evidence will be submitted to the Court

for an in camera review and decision.  The parties will stipulate to an appropriate protective order if it becomes necessary.

    v.   <u>Limitations on Discovery</u>.

Due to the number of Plaintiffs, the parties request a change to the Court Rule's limitation on the number of depositions.  The parties do not request any other modifications to the limitations on discovery imposed under the Court Rules.  The parties propose that the rule be modified to allow the parties to depose all of the parties plus 10 additional depositions.

    vi.   <u>Dates</u>

The parties request 6 months to complete phase 1 of discovery, and then the ability to bring a motion for summary judgment at that point if appropriate. If the motion is denied, then the parties request 8 additional months to complete phase 2 of discovery, i.e., depositions of the parties.

## D. **Amendment to Pleadings**

There is no known necessity for any amendment to the pleadings at this time. Any amendments to the pleadings should be made on or before **February 1, 2019**.

## E. **Anticipated Motions**

The parties acknowledge that the E.D. Mich. L.R. 7.1(a) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(a).

The parties propose that all dispositive motions should have a filing cut-off date of **August 30, 2019**.

### F.  Alternative Dispute Resolution

The parties are agreeable to discussing voluntary non-binding facilitation after the parties' depositions have been taken in this matter, however, at this time it is our joint view that alternative dispute resolution, arbitration, early facilitation/mediation and early Settlement Conference, are not in the best interest of the parties hereto.

### G. Estimated Trial Length

The parties estimate that the length of trial will be approximately 25 days.


Dated: December 19, 2018


Respectfully Submitted,

By:  */s/ Solomon M. Radner*              By: */s/ Michael W. Edmunds*
     Solomon M. Radner (P73653)               Michael W. Edmunds (P55748)
     *Attorney for Plaintiff*                 *Attorney for Defendants*