UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMANI HATCHER, et al.,

    *Plaintiffs*,

v.

    Case No. 5:18-cv-11986-JEL-EAS
    Hon. Judith E. Levy

GENESEE COUNTY, et al.,

    *Defendants*,

_____/

**PLAINTIFFS' MOTION TO
RESET DISCOVERY CUT-OFF DEADLINE AND DISPOSITIVE MOTION DEADLINE**

    NOW COME the Plaintiffs, by and through their counsel, and respectfully move this Honorable Court for an order resetting the discovery cutoff deadline and continuing the December 6, 2019, dispositive motion deadline because of extraordinary circumstances, and in support thereof, states as follows:

    1.    This case arises from the poisoning of Plaintiffs, inmates of the Genesee County Jail, with lead as a consequence of Defendants' participation in the switching of the Flint water supply to the Flint River.

    2.    This Court on March 6, 2019, entered a Scheduling Order (Dkt. No. 20) closing discovery on September 6, 2019, which focused on whether Plaintiffs' water supply was indeed contaminated and what Defendants knew or should have known about that contamination. See Ex. 1, a copy of that order. Defendants contend that Plaintiffs were not exposed to lead because the water service line to the jail is not made of lead, the water tested there for lead did not exceed permissible exposure limits, and bottled water was supplied to the Plaintiffs during the testing. Therefore, discovery focused on those issues of liability.

3.	On September 5, 2019, unbeknownst to Plaintiff's counsel Stephen Monroe, this deadline was extended to November 6, 2019.

4.	For the reasons stated below in the brief required by Rule 7.1, Plaintiffs respectfully request that this Court grant the relief requested. Plaintiff has sought to confer with opposing counsel on this motion, and the parties had discussed this motion and agreed to in principle, but the undersigned has been unable to get approval of the specific language of this motion and is forced to file it nonetheless given the December 6, 2019, cutoff.

WHEREFORE, for the reasons set forth herein, the Plaintiffs, by and through their counsel, request that this Court grant their Motion To Reset Discovery Cut-Off Deadline And Continue Dispositive Motion Cutoff by sixty days, to February 6, 2020. .

Dated: December 5, 2019					Respectfully Submitted,

MARC J. BERN & PARTNERS, LLP

/s Stephen F. Monroe
Stephen F. Monroe, IL#6305823
Marc J. Bern & Partners, LLP
Cook Co. Firm No. 61789
225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 894-7941
Email: smonroe@bernllp.com

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
SOLOMON M. RADNER (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
Phone: (248) 291-9712
Email: sradnor@excololaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMANI HATCHER, et al.,

     *Plaintiffs*,                                           Case No. 5:18-cv-11986-JEL-EAS

v.                                                                 Hon. Judith E. Levy

GENESEE COUNTY, et al.,

     *Defendants*,

_____/

**BRIEF IN SUPPORT OF PARTIES' JOINT MOTION
AND STIPULATION TO RESET DISCOVERY CUT-OFF
DEADLINE AND CONTINUE DISPOSITIVE MOTION DEADLINE**

NOW COME the Plaintiffs, by and through their counsel, and respectfully move this Honorable Court for an order resetting the discovery cutoff deadline and continuing the December 6, 2019, dispositive motion deadline because of extraordinary circumstances, and in support thereof, states as follows:

     1.     Plaintiffs' request for an extension arises out of a perfect storm of circumstances, amounting to an extraordinary circumstance all together. The first circumstance was that Plaintiff's counsel, Stephen Monroe, for reasons unexplained, never received, and still may yet not receive, any electronic notifications related to filings or rulings in this matter. The second circumstance is that counsel for Defendants, Michael Edmunds, was moving offices and on trial around this time, and after, and did not receive Mr. Monroe's emails and voicemails about the previous extension or regarding a discovery schedule after the latter's filing of the previous motion for an extension until October 2019, weeks after the Court granted this motion for an extension. See Group Exhibit 4.

2.      Regarding the first circumstance, Mr. Monroe still has yet to receive an explanation as to why his account was not receiving electronic notifications. He called the day after the filing, on September 5, 2019, out of concern that his motion for an extension had not been received, and was told that, indeed, the motion had been filed. He inquired into why he did not receive any electronic confirmation of the motion's filing. The clerk's office spent a good deal of time looking into the matter, and ultimately concluded that he should re-file his appearance, as doing so should correct this problem. That was done immediately; however, the online docket reflects it was filed September 6, 2019, which, for what it's worth, conflicts with Mr. Monroe's recollection. Please see Exhibit 1, a copy of the docket report.

3.      However, as Exhibit 2 shows, a copy of Mr. Monroe's email inbox filtered to this case number, the only notification received contemporaneous to the September 6, 2019, was only that second filed appearance, two days after the Court entered its order. Mr. Monroe contacted the Clerk's office on December 3, 2019, and a clerk sent an individual copy of it, as Exhibit 2 shows. Exhibits 3 shows the same filter for the Junk Box and the Trash Box to demonstrate that these messages were not accidentally sent to either. The Clerk's office informed Mr. Monroe that it could see that no notice had ever been sent to him, but declined to share, either via a screenshot of its computer screen or otherwise, this proof. It indicated that this Court would also have similar access to this proof, and the undersigned is hopeful such to be the case.

4.      Under the impression in September and October that the Court simply had not ruled on his motion, Mr. Monroe followed up multiple times with opposing counsel, Mr. Edmunds, so as to discuss discovery scheduling issues in anticipation of the Court's ruling. On October 18, 2019, Mr. Edmunds responded via email, referencing a cut-off. Mr. Monroe followed up with him again by phone, and sent a follow up email on November 7, 2019, which was, unbeknownst to Mr.

Monroe, one day after the cutoff. Please see Exhibit 4, the email exchange. Note that the November 7, 2019, email was not the last attempted correspondence between then and October 18, 2019, but rather a follow up to voicemails left between the two attorneys since October 18.

5. The two conversed on November 21, 2019, and Mr. Edmunds indicated he had all responsive discovery production would be provided promptly. The undersigned has yet to receive such discovery but must move this Court to reset discovery deadlines before any further action can be taken. But through conversations with Mr. Edmunds, the undersigned is hopeful that discovery can be completed regarding liability by February 6, 2020.

WHEREFORE, for the reasons set forth herein, the Plaintiffs, by and through their counsel, request that this Court grant their Motion To Reset Discovery Cut-Off Deadline And Continue Dispositive Motion Cutoff by sixty days, to February 6, 2020.

Dated: December 5, 2019

Respectfully Submitted,

MARC J. BERN & PARTNERS, LLP

/s Stephen F. Monroe
Stephen F. Monroe, IL#6305823
Marc J. Bern & Partners, LLP
Cook Co. Firm No. 61789
225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 894-7941
Email: smonroe@bernllp.com

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
SOLOMON M. RADNER (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
Phone: (248) 291-9712
Email: sradnor@excololaw.com

3

Case 5:18-cv-11986-JEL-EAS   ECF No. 25, PageID.157   Filed 12/05/19   Page 6 of 6

## CERTIFICATE OF SERVICE:

The undersigned certifies under penalties of perjury that he/she served on December 5, 2019, the above motion and brief to the below-listed attorney of record via email.

/s Stephen Monroe

_____

Michael Edmunds
Gault Davison, P.C.
8455 S. Saginaw, Ste. 2
Grand Blanc, MI 48439
MEdmmunds@EdmindsLawOffice.com

4