UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMANI HATCHER, et al.,

    *Plaintiffs*,

v.

    Case No. 5:18-cv-11986-JEL-EAS
    Hon. Judith E. Levy

GENESEE COUNTY, et al.,

    *Defendants*,

_____/

**THE PARTIES' JOINT MOTION TO EXTEND DISCOVERY CUTOFF DEADLINE**

    NOW COME the parties, by and through their respective counsel, and respectfully move this Honorable Court for an order extending by sixty days the February 18, 2020, discovery cutoff deadline for an additional sixty days, and in support thereof, states as follows:

    1.    This case arises from the poisoning of Plaintiffs, inmates of the Genesee County Jail, with lead as a consequence of Defendants' participation in the switching of the Flint water supply to the Flint River. Since the Court extended the discovery cut-off to today, February 18, 2020, the parties have been working diligently to investigate the possibility of lead exposure at the jail, having produced voluminous records and taken three key depositions. However, given the gaps in records and testimony, additional discovery is needed, with steps having already been taken to fill those gaps, including consultation with other witnesses, the issuance of subpoenas and the tracking down of old jail plans after learning the lead architect's plans had been destroyed only last spring. While so far the evidence discovered indicates that any contaminated water was in areas where inmates were not permitted or at points of use for cleaning only, because of gaps in records, additional time is needed to create a complete picture of the testing done.

1

2. This Court on December 20, 2019, entered a Scheduling Order (Dkt. No. 26) closing discovery on the issues related to liability on February 18, 2020. Defendants contend that Plaintiffs were not exposed to lead because the water service line to the jail is not made of lead, the water tested there for lead did not exceed permissible exposure limits, and bottled water was supplied to the Plaintiffs during the testing. Therefore, discovery focused on those issues of liability. For the reasons stated below in the brief required by Rule 7.1, Plaintiffs respectfully request that this Court grant the relief requested.

WHEREFORE, for the reasons set forth herein, the Parties, by and through their Attorneys, GAULT DAVISON, PC, MARC J. BERN & PARTNERS, LLP, SOLOMON M. RADNER and EXCOLO LAW, PLLC request the Court grant their Motion to extend by sixty days the discovery cutoff date of February 18, 2020.

Dated: February 18, 2020　　　　　　　　　　　Respectfully Submitted,

MARC J. BERN & PARTNERS, LLP

/s Stephen F. Monroe
Stephen F. Monroe, IL#6305823
Marc J. Bern & Partners, LLP
Cook Co. Firm No. 61789
225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 894-7941
Email: smonroe@bernllp.com

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
SOLOMON M. RADNER (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
Phone: (248) 291-9712
Email: sradnor@excololaw.com

GAULT DAVISON, PC

*/s/ Michael Edmunds*
Gault Davison, PC
Attorney for Defendant
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
Phone: (810) 234-3633
Email: medmunds@edmundslawoffice.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMANI HATCHER, et al.,

      *Plaintiffs*,

v.

Case No. 5:18-cv-11986-JEL-EAS
Hon. Judith E. Levy

GENESEE COUNTY, et al.,

      *Defendants*,

_____/

**PARTIES' BRIEF IN SUPPORT OF THEIR
MOTION TO EXTEND DISCOVERY CUTOFF DEADLINE**

NOW COME the parties, by and through their respective counsel, and respectfully move this Honorable Court for an order extending by sixty days the February 18, 2020, discovery cutoff deadline for an additional sixty days, and in support thereof, states as follows:

    1.    To date, the parties have been investigating the possibility of lead contamination in Plaintiff's drinking water when housed at the Genesee County Jail. Defendant has produced voluminous documents relative to testing and knowledge regarding the possibility of contaminated water. Plaintiff's counsel traveled to Michigan to conduct three depositions with knowledge of the testing, the building's construction, and the composition of the water service line servicing the jail.

    2.    While so far evidence indicates that the inmates' drinking water would not have been from areas where there was positive testing, there are gaps in records regarding the water sampling. Plaintiff's counsel has identified exactly what additional records are needed and has taken steps to secure those documents, both with discovery requests to Defendant, already served, and the issuance of subpoenas, already issued. Plaintiff's counsel has been in contact with one entity subpoenaed, and expects a return in the next two weeks. In addition, the parties are working

cooperatively to obtain additional documents outside of court mechanisms, including simply visiting city offices to obtain the architectural plans of the jail itself, which will settle once and for all the composition of the sole service line to the jail. The parties learned that the original plans kept by the architect had been destroyed in the spring of 2019.

3. Regarding additional depositions, Plaintiff expects to need one of at least one more official, as well as the continuation of the deposition of the jail administrator. Given what is received in supplemental discovery and returned by subpoena, Plaintiff's counsel may not need to depose any other individuals. At most, Plaintiff would expect to need to depose three to four more individuals to obtain a full picture of possible lead poisoning at the jail.

4. The parties wish to underscore that they are working cooperatively to obtain the necessary discovery to first establish if liability exists, and that after review of the first round of documents and depositions, have identified what else is needed to do so. The parties respectfully ask for an additional sixty days to allow for the scheduling of as many as four more depositions and the return of all necessary documents from third parties. Doing so should provide the parties with a complete picture of whether lead contamination was even possible.

WHEREFORE, for the reasons set forth herein, Plaintiffs, by and through their Attorneys, MARC J. BERN & PARTNERS, LLP, SOLOMON M. RADNER and EXCOLO LAW, PLLC request the Court grant their Motion to extend by sixty days the discovery cutoff date of September 6, 2019.

Dated: February 18, 2020         Respectfully Submitted,

                                 MARC J. BERN & PARTNERS, LLP

                                 /s Stephen F. Monroe
                                 Stephen F. Monroe, IL#6305823
                                 Marc J. Bern & Partners, LLP

2

225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 894-7941
Email: smonroe@bernllp.com

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
SOLOMON M. RADNER (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
Phone: (248) 291-9712
Email: sradnor@excololaw.com

GAULT DAVISON, PC

*/s/ Michael Edmunds*
Gault Davison, PC
Attorney for Defendant
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
Phone: (810) 234-3633
Email: medmunds@edmundslawoffice.com

3