**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IMANI HATCHER, et al.,

       *Plaintiffs*,

v.

Case No. 5:18-cv-11986-JEL-EAS
Hon. Judith E. Levy

GENESEE COUNTY, et al.,

       *Defendants*,

_____/

**PLAINTIFF'S UNCONTESTED MOTION TO**
**EXTEND DISCOVERY CUTOFF DEADLINE**

NOW COME the Plaintiffs, by and through their undersigned counsel, and respectfully move this Honorable Court for an order extending by sixty days the April 17, 2020, discovery cutoff deadline to permit what Plaintiffs expected will be conclusive efforts regarding the first phase of discovery. In support thereof, they state as follows:

The parties have been diligently and cooperatively engaging in discovery to investigate whether the Plaintiffs were exposed to excessive levels of lead while inmates at the Genesee County jail. Because of Defendants' position that no exposure was possible, the parties agreed to focus on that aspect first. Since the last extension in February 2020, Plaintiffs have obtained considerable amounts of documents and conducted additional depositions, and obtained a clear picture of all lead testing done at the jail. Now, because all but three tests done at the jail were after the Flint water system was switched back to Detroit's water system, the Plaintiffs must determine whether exposure can be show circumstantially This requires expert consultation. While that's being done, the undersigned would confer with the individual plaintiffs about the status of the case

1

and whether their injuries could provide a *res ipsa loquitor* inference of lead exposure. But because they are myriad and difficult to locate, additional time is needed as well.

Plaintiffs therefore request an additional sixty days, which should provide enough time to conclusively determine whether lead exposure can be proved under these circumstances.

Defendant has no objection to this motion.

WHEREFORE, for the reasons set forth herein, the Plaintiffs, by and through their Attorneys, MARC J. BERN & PARTNERS, LLP, SOLOMON M. RADNER and EXCOLO LAW, PLLC request the Court grant their Motion to extend by sixty days the discovery cutoff date of April 17, 2020.

Dated: April 10, 2020                                    Respectfully Submitted,

                                                         MARC J. BERN & PARTNERS, LLP

                                                         /s Stephen F. Monroe
                                                         Stephen F. Monroe, IL#6305823
                                                         Marc J. Bern & Partners, LLP
                                                         Cook Co. Firm No. 61789
                                                         225 West Washington Street, Suite 2200
                                                         Chicago, IL 60606
                                                         Phone: (312) 894-7941
                                                         Email: smonroe@bernllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IMANI HATCHER, et al.,

    *Plaintiffs*,                                      Case No. 5:18-cv-11986-JEL-EAS

v.                                                        Hon. Judith E. Levy

GENESEE COUNTY, et al.,

    *Defendants*,

_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR**
**MOTION TO EXTEND DISCOVERY CUTOFF DEADLINE**

NOW COME the Plaintiffs, by and through their undersigned counsel, and respectfully move this Honorable Court for an order extending by sixty days the April 17, 2020, discovery cutoff deadline for an additional sixty days, and in support thereof, states as follows:

    This case arises from the alleged poisoning of Plaintiffs with lead while inmates at the Genesee County Jail. The parties have been working diligently and cooperatively in advancing through the first phase of discovery—whether lead exposure can be demonstrated—but additional time is needed to assess the feasibility of expert opinions to establish that demonstration and also to confer with the Plaintiffs themselves, as locating all of them is time-consuming and difficult.

    Given that this is the fourth motion of its kind, the Court may at first blush be hesitant to agree that the parties have been working diligently to investigate the possibility of Plaintiffs' exposure to lead. But since the last motion, additional depositions have proceeded and voluminous documents have collected and analyzed, including the confirmation that all tests have been reviewed at the jail, something that needed to be done as of the last motion for an extension. [Dkt. 27].

1

Additionally, Plaintiffs ask this Court to be aware of the reasons for the last three extensions, two of which were for uncontrollable problems which prevented Plaintiffs' counsel from prosecuting the case in earnest. The first extension occurred in the fall of 2019 because the undersigned had been grappling with unforeseen staffing issues which dramatically increased his nationwide caseload. [Dkt. 22]. The second extension was sought after the undersigned did not receive any notification of the first motion being granted because of a technological error, which required him to re-file his appearance. [Dkt. 25]. The last extension occurred after the parties finally were able to prosecute this case in earnest and jointly asked the Court for more time to investigate and process a large amount of documents and testimony. [Dkt. 27]. All three extensions were sought by agreement. The undersigned is please to say that the parties continue to work amicably, and therefore efficiently, in this first phase of discovery.

Regarding the progress made during the last sixty days, Plaintiffs have developed a much clearer picture from depositions and the collection of documents of whether lead exposure can be demonstrated as a matter of proof. Only three tests were performed at the jail prior to the October 16, 2015, switch back to the Detroit Water and Sewage Department system, meaning that Plaintiffs must rely on other data and facts to show lead exposure. One major source is testing done on properties on the same system. This data could be used to create a water model to show water lead levels at the jail. Another important source is the plaintiffs themselves because their injuries could provide an inference of lead exposure under the *res ipsa loquitor* doctrine. This avenue has been avoided so far because it was thought that the presence of lead could be established more concretely—and more quickly—through documents obtained through discovery and subpoenas.

But the feasibility of any water model is the first question that must be answered, as this method is the only one Plaintiffs know of to be able to show the presence of lead prior to the

switch. Concurrently with that, Plaintiffs' counsel can contact the individual plaintiffs and continue with depositions regarding the decision-making process to conduct the tests and why they were done only in October 2015 in the event that a water model is determined to be possible.

Defendant has no objection to this motion.

WHEREFORE, for the reasons set forth herein, the Plaintiffs, by and through their Attorneys, MARC J. BERN & PARTNERS, LLP, SOLOMON M. RADNER and EXCOLO LAW, PLLC request the Court grant their Motion to extend by sixty days the discovery cutoff date of April 17, 2020

Dated: April 10, 2020                                    Respectfully Submitted,

MARC J. BERN & PARTNERS, LLP

/s Stephen F. Monroe
Stephen F. Monroe, IL#6305823
Marc J. Bern & Partners, LLP
225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 894-7941
Email: smonroe@bernllp.com