# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IMANI HATCHER, DE'ANGELO
LANDSDOWN, ELVIN COLEMAN,
DE'QUAN HUGHES, DERRICK
REED JR., JOSEPH MURPHY,
AARON AMBS, LAJUANE GRIGSBY,
JENNARA WISE, JEANETTE
CHAPMAN, AVANELL JACKSON,
NICKOLAS MORRISON, MICHAEL
LOVE, THERMON ATKINS,
JACRISHA JOHNSON, CLARISSA
WALTON, JANARICK HARPER,
DEONTE JAMES, ERICA WRIGHT,
MARY KELLY, JAMES GORRELL,
WON JEWEL SNELL, DARIN SMITH,
JENNIE HAYWARD, DIANA LYNN
BUFFEY, CHRISTINA PANTOJA,
JORDAN TARRENCE, DEVIN SMITH,
RORY DIXON, DUSTIN DADY,
DONTA BREED JR., JUSTIN OBRYAN,
SHANIE BAILEY, STEFAN FELTON,
UTESHA TAYLOR, GENETHA TAYLOR,
KELVIN COBB, LARRY BROWN,
STACY LONGRIE, JEREMY TYREE,
SIMON GREENLICK, LESHAWN
SANDERS, GARY HILL, RICHARD
LAWRENCE, CLEE COOPER,
MICHAEL SWEET, CHALITA CRUMP,
DAJUAN MUNERLYN, LAURA
HAYWARD, MAURICE RICE,
BRIDGETT MANCOUR, BRETT ALLEN
ANDERSON II, ALICIA MITCHELL,
JEFFERY JONES, REBECCA GAGNON,
ERIK GAITHER, ERIN MIDDLETON,
SAMANTHA RUPP, CHRISTINA
STEVENS-IVORY, D'MONDRE WRIGHT,
CODY ARWOOD, TRE-QUAN

Case No: 18-CV-11986
Judge Paul D. Borman
Mag. Judge:
      Elizabeth A. Stafford

1

MARCHALL, ERIC MORRIS-LESTER,
TRAVIS LANE, MICHAEL CLACK,
KENTAY COLES, DONALD SCOTT,
SENECCA HARDEN, KEIVON POWELL,
SANIKA WILLIAMS, CHRISTAL McCAA,
JORDAN SHEALEY, RANDALL DETAMORE,
ARRON WARSON, RAYNA MILLER
McKAY, MERCEDES BARAJAS,
CORTEZ TURNER, TARENCE MARSHALL,
SAMUAL BURCH, JAMES BROWN,
CARRIE K. VENABLE, DERRICK
WALTON, JR., NORAH HOWELL ANN,
DEIDRA MYERS, CHRISTOPHER ADAMS,
BRADLEY SHARP, FERONDA SMITH,
STEVEN HEBEL, DOUGLAS LONG,
BRIAN BROCHU, A'SHIAYA ARKWRIGHT,
and MAEGAN DAWSON,

      Plaintiffs,

vs.

COUNTY OF GENESEE, a municipal
sub-unit of the State of Michigan;
SHERIFF ROBERT PICKELL, individually
and in his official capacity as Sheriff of
Genesee County; CAPTAIN JASON GOULD,
individually and in his official capacity
as Jail Administrator of the Genesee County Jail,

      Defendants.

---

SOLOMON M. RADNER P73653
Excolo Law, PLLC
Attorneys for Plaintiffs
26700 Lahser Rd., Ste. 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

CONRAD J. BENEDETTO, ESQ.
Law Offices of Conrad J. Benedetto
Attorneys for Plaintiffs
1615 S. Broad Street
Philadelphia, PA 19148
(215) 389-1900
cjbenedetto@benedettolaw.com

MARC J. BERN, ESQ.
RYAN SHARP, ESQ.
Mark J. Bern & Partners, LLP
Attorneys for Plaintiffs
60 E. 42nd St., Ste. 950
New York, NY 10165
(800) 529-5432
rsharp@bernllp.com

STEPHEN F. MONROE, ESQ.
Co-Counsel for Plaintiffs
225 W. Washington St., Ste. 2200
Chicago, IL 60606
(312) 894-7491
smonroe@bernllp.com

MICHAEL W. EDMUNDS P55748
Attorney for Defendants
Gault Davison, PC
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
(810) 234-3633
medmunds@edmundslawoffice.com

## DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY

### INTRODUCTION

As this Court is aware, this lawsuit alleges that the Plaintiffs were poisoned by water from the City of Flint while they were incarcerated in the Genesee County Jail, which is in Flint. Defendants include Genesee County, the former Sheriff, and the Jail Administrator. Plaintiffs seek to extend discovery.

Defendants do not join this motion this time, as they have done in the past, but they do not oppose it. Defense counsel and Plaintiffs' attorneys get along well but the undersigned is concerned about the progress of the case and writes separately, instead of joining in the motion, to make sure his position is memorialized.

<u>STATEMENT OF FACTS</u>

From the beginning of this case, it has been the position of the Defendants that there was no lead in the water in the Jail.   The service line to the jail is made of ductile iron, not lead.  The Jail tested the water to be sure it was safe.  None of the drinking water stations available to inmates ever tested positive for lead.  While the Jail was waiting for the results of the tests, the Sheriff switched the Jail to bottled water and had a filter installed.  The Jail also switched to dry food at the expense of tens of thousands of dollars to avoid exposing inmates to lead if it turned out that pipes were made of lead.  There is no basis for this lawsuit.

Unlike a typical case where the defense attorneys immediately pursue extensive and expensive discovery of the plaintiffs' claims and damages, in this case the undersigned has done everything he can to make all of *Defendants'* evidence available to the Plaintiffs to convince their attorneys to dismiss the case voluntarily without the need for an expensive motion by Defendants.  Each time it appears that the evidence conclusively shows what has been represented above, Plaintiffs develop a new theory and look for evidence to support it.

4

At the end of the day, both sides should be looking for the truth, not for an advantage.  It is not the job of the Plaintiffs' attorneys to come up with a theory to recover money and then look for facts to support it; neither would it be proper for defense counsel to try to trick or manipulate the Court or opposing counsel.  The goal of both sides ought to be to determine whether the Plaintiffs were exposed to lead in the Flint Jail.

It now appears that Plaintiffs want to retain an expert to use some type of statistical modeling theory to go back in time and determine what level of lead may have been present in the water *in the Jail* based on testing later on in *other places in the City which had lead pipes*.  Defense counsel does not wish to tarnish his relationship with opposing counsel and has agreed to make the former Sheriff and the new Sheriff available for depositions.  However, it is time for the Plaintiffs to decide if they are going to dismiss the case voluntarily or not.  If not, then defense counsel wants enough time to be able to prepare a motion for summary judgment.

## <u>ARGUMENT</u>

Plaintiffs should be given every opportunity to explore every avenue of recovery.  That's what fairness and the Court Rules

dictate.   However, the parties are quickly reaching the point where Plaintiffs are now pursuing wild-eyed, speculative theories instead of evidence and facts.   Defense counsel does not object to this motion, but does not want to be compelled to retain an expert at this late date in the case, and wants to make sure that if the discovery deadline is extended as the Plaintiffs request, that the deadline for filing a dispositive motion is also extended an equal amount of time.

## CONCLUSION

This response is meant to make sure that it is clear to everyone that discovery needs to end at some point in the near future and that the Plaintiffs need to "fish or cut bait."   Defendants have not pursued any discovery of their own with the understanding that if the evidence supported Defendants' contentions that the case would be voluntarily dismissed.   Plaintiffs' attorneys, as officers of the court, need to make a decision based on the evidence, even if it is unpopular with their clients.

Dated:     04/14/2020             /s/ Michael W. Edmunds
                                  Michael W. Edmunds (P55748)
                                  Attorney for Defendants
                                  8305 S. Saginaw, Ste. 8
                                  Grand Blanc, MI 48439
                                  (810) 234-3633
                                  medmunds@edmundslawoffice.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of records.

Dated: 04/14/2020           /s/ Michael W. Edmunds

MICHAEL W. EDMUNDS (P55748)
GAULT DAVISON, PC
Attorney for Defendants
8305 S. Saginaw, Ste. 8
Grand Blanc, MI 48439
(810) 234-3633
medmunds@edmundslawoffice.com