UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Imani Hatcher *et al.*,

               Plaintiffs,      Case No. 18-11986

v.                                   Judith E. Levy
                                    United States District Judge

Genesee County *et al.*,

                                   Mag. Judge Elizabeth A. Stafford

               Defendants.

_____/

**ORDER DENYING MOTION FOR
ANCILLARY JURISDICTION [41]**

Before the Court is *pro se* Plaintiff Brian Brochu's motion for ancillary jurisdiction. (ECF No. 41.) In his motion, Plaintiff argues that he was exposed to lead poisoning and bacteria from Flint water while he was incarcerated at the Genesee County Jail from July 2013 to October 2014. (*Id.*) He argues that Defendants in this case "tricked or manipulated" counsel for Plaintiffs into voluntarily dismissing their complaint. (*Id.* at PageID.235.)

Plaintiff states that his request for relief is for the Court to, "once again exercise ancillary jurisdiction to enable the court to function in a constitutional manner allowing the court to proceed in vindicating its authority and effectuate its decree where Plaintiff Brochu is concern[ed]." (*Id.* at PageID.241.) He further states that the Court should "exercise its ancillary jurisdiction to protect Plaintiff['s] rights to proceed with this civil suit." (*Id.* at PageID.242.)

The Court has construed the Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]" (internal quotations omitted)); *and see Williams v. Curtis*, 631 F.3d 380, 383 (6th Cir. 2011) (liberally construing pro se complaint). Yet, even under this liberal standard, Plaintiff's motion is indecipherable. Any interpretation of the legal issue presented or relief sought is speculative.

Even so, as best the Court can discern, it appears Plaintiff disagrees with the stipulated order dismissing the case without prejudice and tolling the statute of limitations, dated August 14, 2020. (ECF No. 40.) If this is Plaintiff's position, filing a motion such as what Plaintiff filed here is not the avenue to obtain relief from that order. Rather, the stipulated

dismissal order provides that "if any Plaintiff's respective case was not barred by time on the date it was originally filed, and it is refiled within 120 days of being voluntarily dismissed, . . . neither the statute of limitations nor any similar defense shall be raised." (ECF No. 40, PageID.228.) One hundred and twenty days from August 14, 2020 is December 12, 2020. Accordingly, if what Plaintiff seeks here is to refile his case, he may do so before that date.

Accordingly, Plaintiff's motion is denied.

IT IS SO ORDERED.

Dated: November 16, 2020      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 16, 2020.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager