UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Imani Hatcher *et al.*,

          Plaintiffs,    Case No. 18-11986

v.                            Judith E. Levy
                                United States District Judge

Genesee County *et al.*,

          Defendants.

_____/

## **ORDER DENYING MOTION TO PROCEED WITH TRIAL [47]**

      Before the Court is *pro se* Plaintiff Brian Brochu's motion to proceed with trial. (ECF No. 47.) Defendants responded to the motion. (ECF No. 48.) Plaintiff then filed a document that he entitled, "Intraoffice Memorandum." (ECF No. 49.) In these filings, Plaintiff repeats many of the same arguments he made in his two previous post-dismissal motions (See ECF Nos. 41, 43), both of which were denied. (ECF No. 42, 45.)

      Plaintiff's motion is difficult to understand. The Court has construed the Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]"

(internal quotations omitted)); *and see Williams v. Curtis*, 631 F.3d 380, 383 (6th Cir. 2011) (liberally construing pro se complaint). Yet, even under this liberal standard, the Court cannot understand Plaintiff's motion.

This case was dismissed on August 14, 2020 and the case is closed. Defendants succinctly describe the events leading up to the dismissal of this case, as follows:

> . . . Plaintiffs' attorneys concluded at the end of discovery that they were unable to support the factual claims made in the complaint, i.e., that there was lead in the drinking water of the Genesee County Jail where the Plaintiffs were incarcerated, much less prove that any of the Plaintiffs suffered any harm. . . [I]nstead of dismissing the case, Plaintiffs' attorneys wanted to withdraw from the case. The Court suggested that Plaintiffs' attorneys had an ethical obligation to the Court to dismiss the case if it was not supported by the evidence, rather than merely withdrawing. After defense counsel agreed to toll the statute of limitations to allow Plaintiffs to find new attorneys, and to a dismissal without prejudice, Plaintiffs' attorneys honored their ethical duty and agreed to dismiss the lawsuit. . . The August 14, 2020 stipulation and order of dismissal was electronically signed by Plaintiffs' attorneys, as well as by defense counsel.

(ECF No. 48, PageID.337–38.) The Court entered the parties' stipulated order dismissing the case. (ECF No. 40.) Accordingly, Plaintiff's motion is denied.

Plaintiff may not continue to file documents in this closed case. If he continues to do so, the Court may order that he be enjoined from making further filings without the Court's permission (which may be granted only upon a showing that the motion has merit and is not a repetition of his previous filings). *See Edwards v. Johns*, 450 F. Supp. 2d 755, 756–57 (E.D. Mich. 2006). Should Plaintiff file another item in this case, Defendants need not respond unless the Court orders a response.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: May 6, 2021<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2021.

s/William Barkholz<br>
WILLIAM BARKHOLZ<br>
Case Manager
